# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| CARL SMITH, | ) |
| | ) |
| Petitioner, | ) |
| | ) Case No. 16 C 4419 |
| v. | ) |
| | ) |
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Respondent. | ) |

## MEMORANDUM OPINION AND ORDER

AMY J. ST. EVE, District Court Judge:

Pro se Petitioner Carl Smith has filed a motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255. After the parties moved for several extensions of time to file their legal memoranda, Smith's § 2255 motion is now fully briefed. For the following reasons, the Court denies Smith's motion and declines to certify any issues for appeal. *See* 28 U.S.C. §§ 2253(c)(2), 2255. [1]. Because the Court considered Smith's July 21, 2016 "motion to vacate sentence and dismiss indictment" in the context of Smith's original § 2255 motion, the Court denies Smith's July 2016 motion as moot. [10].

## BACKGROUND

On April 5, 2012, a grand jury returned an indictment charging Smith with sex trafficking of a minor and by force in violation of 18 U.S.C. §§ 1591(a), (b)(2) (Counts 1 and 2); transporting a minor in interstate commerce with the intent that the minor engage in prostitution in violation of 18 U.S.C. § 2423(a) (Count 3); and sex trafficking by force in violation of 18 U.S.C. § 1591(a) (Counts 4 and 5).

On January 7, 2013, Smith appeared for his change of plea hearing. Prior to the hearing, the government had tendered a written plea agreement to Smith, but before the hearing began, Smith requested some last minute changes to the agreement. Moreover, although Smith declared his intention to enter into a plea of guilty to Count 3 of the indictment at the hearing, during the Rule 11 colloquy, Smith's counsel stated that there was an error in the written plea agreement. The Court then adjourned the proceedings. After resuming the change of plea hearing that same day, Smith objected to the factual basis of Count 3, as well as the stipulated conduct that formed the basis for Counts 1, 2, 4, and 5. The Court then reset the change of plea hearing to January 10, 2013, at which time defense counsel informed the Court that he had not had the opportunity to review the revised written plea agreement with Smith. Thereafter, on January 11, 2013, Smith pleaded guilty to Count 3 pursuant to a written plea agreement. Specifically, Smith pleaded guilty to transporting a minor in interstate commerce with the intent that the minor engage in prostitution in violation of 18 U.S.C. § 2423(a). Pursuant to the written plea agreement, the Court would consider the offense conduct underlying Counts 1, 2, 4, and 5 as relevant conduct for sentencing purposes. Smith's anticipated total combined offense level was calculated as 43 with a criminal history category of I – resulting in an advisory sentencing guideline range of life imprisonment.

On March 11, 2013, Smith moved to "terminate" his appointed counsel for rendering ineffective assistance of counsel during the change of plea process. On March 19, 2013, the Court granted counsel leave to withdraw and appointed a new defense attorney. Smith's new attorney filed a motion to withdraw the guilty plea on June 11, 2013. The Court denied Smith's motion to withdraw the guilty plea on July 22, 2013. Smith then filed a pro se motion to

withdraw his plea on October 21, 2013. The Court subsequently denied Smith's pro se motion on October 25, 2013.

On August 5, 2014, the Court held Smith's sentencing hearing. In Smith's sentencing memorandum, defense counsel argued that the application of U.S.S.G. § 4B1.5(b) was impermissible double counting, or alternatively, that it overstated the seriousness of Smith's offenses. Counsel also argued that the restitution calculated by the government was inflated and unrealistic, among other sentencing arguments. At Smith's sentencing hearing, the Court calculated a guidelines sentence of life imprisonment and imposed a below-guidelines term of 360 months, plus five years of supervised release – along with conditions of supervised release.

The Court entered final judgment on August 8, 2014, and Smith filed a timely notice of appeal on August 11, 2014. On appeal, Smith's counsel filed a motion asserting that Smith's appeal was frivolous seeking to withdraw under *Anders v. California,* 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967). The Seventh Circuit granted appellate counsel's motion and dismissed Smith's appeal on June 2, 2015. *See United States v. Smith*, 606 Fed. Appx. 307 (7th Cir. 2015) (per curiam).

## LEGAL STANDARD

"Relief under [§ 2255] is available only in extraordinary situations, such as an error of constitutional or jurisdictional magnitude or where a fundamental defect has occurred which results in a complete miscarriage of justice." *Blake v. United States,* 723 F.3d 870, 878-79 (7th Cir. 2013). In other words, to obtain relief under § 2255, a petitioner must show that his "sentence was imposed in violation of the Constitution or laws of the United States, the court lacked jurisdiction, the sentence was greater than the maximum authorized by law, or it is

3

otherwise subject to collateral attack." *Swanson v. United States,* 692 F.3d 708, 714 (7th Cir. 2012) (citation omitted). Accordingly, a § 2255 motion is not a substitute for a direct appeal nor is it a means by which a defendant may appeal the same claims a second time. *See Bousley v. United States,* 523 U.S. 614, 621, 118 S.Ct. 1604, 140 L.Ed.2d 828 (1998) (relief under § 2255 "will not be allowed to do service for an appeal"). If a § 2255 petitioner does not raise a claim on direct appeal, that claim is barred from the Court's collateral review unless the petitioner can demonstrate cause for the procedural default and actual prejudice from the failure to appeal, or that enforcing the procedural default would lead to a fundamental miscarriage of justice. *See Brown v. Brown,* 847 F.3d 502, 518 (7th Cir. 2017). Because Sixth Amendment claims of ineffective assistance of counsel often involve evidence outside of the trial record, such claims may be brought for the first time in a § 2255 motion. *See Massaro v. United States,* 538 U.S. 500, 504, 123 S.Ct. 1690, 155 L.Ed.2d 714 (2003).

## ANALYSIS

**I.    Ineffective Assistance of Trial Counsel Claims**

Construing his pro se § 2255 motion and filings liberally, *see Beal v. Beller,* 847 F.3d 897, 902 (7th Cir. 2017), Smith argues that his trial counsel provided constitutionally ineffective assistance of counsel. To establish constitutionally ineffective assistance of trial counsel in violation of the Sixth Amendment, Smith must show that (1) his trial attorney's performance "fell below an objective standard of reasonableness," informed by "prevailing professional norms" and (2) "but for counsel's unprofessional errors the result of the proceeding would have been different." *Strickland v. Washington,* 466 U.S. 668, 688, 694, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). "To reflect the wide range of competent legal strategies and to avoid the pitfalls of

4

review in hindsight, [the Court's] review of an attorney's performance is highly deferential and reflects a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." *Groves v. United States,* 755 F.3d 588, 591 (7th Cir. 2014) (citation omitted); *see also Delatorre, v. United States,* 847 F.3d 837, 845 (7th Cir. 2017) (courts apply a "'strong presumption' that counsel's representation was within the 'wide range' of reasonable professional assistance.") (citation omitted). To establish prejudice, it is not enough "to show that the errors had some conceivable effect on the outcome of the proceeding," instead Smith must demonstrate "a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Carter v. Butts,* 760 F.3d 631, 635 (7th Cir. 2014) (citation omitted).

### A. Failure to Object to Court's Sentencing Errors

Smith first argues that his sentencing counsel was constitutionally ineffective for failing to object at sentencing when the Court did not state the rationale for imposing the discretionary conditions of his supervised release at his August 5, 2014 sentencing hearing. In making this argument, Smith relies on *United States v. Thomspon,* 777 F.3d 368, 377-78 (7th Cir. 2015), which held that a sentencing court must consider the factors set forth in 18 U.S.C. § 3553(a) and § 3583(d) and explain the reasons for imposing conditions of supervised release. The Seventh Circuit decided *Thompson* on January 13, 2015 – approximately five months after the Court sentenced Smith in August 2014.

Due to the Seventh Circuit deciding *Thompson* after Smith's sentencing hearing, his first argument is without merit because an attorney's "failure to anticipate shifts in legal doctrine cannot be condemned as objectively deficient." *Knox v. United States*, 400 F.3d 519, 522 (7th

5

Cir. 2005). In other words, trial counsel's performance does not fall below an objective standard of reasonableness because counsel was not required to anticipate future Seventh Circuit case law. *See Groves v. United States,* 755 F.3d 588, 593 (7th Cir. 2014). The Court therefore denies this aspect of Smith's § 2255 motion.

### B. Failure to Contest Sentencing Guideline § 4B1.5(b)(1)

Next, Smith contends that his trial counsel provided ineffective assistance of counsel because he failed to object to the sentencing enhancement under § 4B1.5(b)(1), which adds five levels when the defendant's "instant offense is a covered sex crime ... and the defendant engaged in a pattern of activity involving prohibited sexual conduct." *See United States v. Schrode,* 839 F.3d 545, 551 (7th Cir. 2016). Despite Smith's argument to the contrary, his sentencing counsel objected to the five-level enhancement pursuant to § 4B1.5(b)(1) in both Smith's sentencing memorandum and in open court at Smith's sentencing hearing. (*See* 12 CR 0246, R. 79, Sent. Mem. at 4-6; R. 112, Sent. Hr'g Tr. at 6, 12-13.) Furthermore, the Court considered counsel's arguments and rejected them at sentencing. (Sent. Hr'g Tr. at 48-49.)

Nonetheless, Smith argues that his counsel was constitutionally deficient because he did not follow Smith's express instructions to raise a consent defense. Whether counsel ignored Smith's instruction to raise a consent defense is of no moment because evidence of a victim's consent is immaterial to the Mann Act offense to which Smith pleaded guilty, namely, 18 U.S.C. § 2423(a). *See United States v. Mi Sun Cho,* 713 F.3d 716, 721 (2d Cir. 2013); *United States v. Jones,* 808 F.2d 561, 565 (7th Cir. 1986). Moreover, Smith does not explain how counsel's performance prejudiced him – especially given that the Court sentenced him below the applicable guideline range. *See Rita v. United States*, 551 U.S. 338, 347-56, 127 S. Ct. 2456,

6

168 L.Ed.2d 203 (2007); *United States v. Moore*, ___ F.3d ___, 2017 WL 1018345, at *5 (7th Cir. Mar. 15, 2017). Accordingly, Smith's ineffective assistance of counsel argument based on the defense of consent is without merit. *See Peterson v. Douma,* 751 F.3d 524, 533 (7th Cir. 2014) ("Sixth Amendment does not require counsel" to "press meritless arguments before a court," and "it is always good strategy to avoid wasting time or the court's attention with claims that are going nowhere.") (citation omitted).

### C. Failure to Explain "True Basis" for Withdrawing Guilty Plea

Furthermore, Smith maintains that his trial counsel was constitutionally ineffective because she failed to articulate the real reason he wanted to withdraw his guilty plea in his June 11, 2013 motion to withdraw. Smith specifically argues that the real reason he wanted to withdraw his guilty plea is that he wanted to exercise his Sixth Amendment right to a jury trial and that the facts and contents of his written plea agreement were exaggerated and did not accurately describe the facts or the position he played. In his pro se motion to withdraw the guilty plea, filed on October 21, 2013, Smith made these arguments on his own behalf when he stated that he "was willing to go to trial" and that the "plea agreement did not accurately explain his position." (R. 63, 10/21/13 Pro Se Motion, at 2.) He further articulated that the factual summary was "exaggerated." (*Id*.) Because Smith made these arguments to the Court – after which the Court considered and rejected them – counsel's failure to make these arguments in the June 2013 motion to withdraw the guilty plea did not prejudice Smith. *See Strickland,* 466 U.S. at 694; *Carter,* 760 F.3d at 635.

### D. Failure to Object to Restitution Amount

Smith next argues that his trial counsel provided constitutionally ineffective assistance because counsel failed to object to the restitution amount at sentencing. Again, Smith's argument is unavailing because his sentencing counsel did object to the government's restitution estimate in Smith's sentencing memorandum and at the sentencing hearing. (Sent. Mem. at 18; Sent. Hr'g Tr. at 18-23.) In addition, the Court reduced the government's estimate by 25% after hearing counsel's arguments, therefore, Smith cannot establish that counsel's performance prejudiced him. (Sent. Hr'g Tr. at 53.) The Court denies this § 2255 claim.

### E. Failure to Object to Sentencing Guideline § 2G1.3(b)

Similarly, in his next argument, Smith asserts that his trial counsel was constitutionally ineffective for failing to object to the two-level enhancement under U.S.S.G. § 2G1.3(b). Once again, counsel raised this issue in Smith's sentencing memorandum and at sentencing, after which the Court rejected counsel's argument at the sentencing hearing. (Sent. Mem. at 5-8; Sent. Hr'g Tr. at 7-12.). As such, Smith's last ineffective assistance of trial counsel claim is without a factual basis and is meritless.[1]

---

[1] Smiths' undeveloped arguments that 18 U.S.C. § 1591 is unconstitutional under the Fifth and Tenth Amendments are not only procedurally defaulted, but without merit. *See United States v. Copeland,* 820 F.3d 809, 814 (5th Cir. 2016); *United States v. Cook,* 782 F.3d 983, 990 (8th Cir. 2015); *United States v. Hunt,* 622 Fed. Appx. 656, 657 (9th Cir. 2015); *United States v. Williams,* 564 Fed. Appx. 568, 571 (11th Cir. 2014); *United States v. Evans,* 476 F.3d 1176, 1179 (11th Cir. 2007); *cf. United States v. Laursen,* 847 F.3d 1026, 1035 (9th Cir. 2017) (Congress does not violate Tenth Amendment when enacting legislation through lawful exercise of commerce clause power). Also, Smith did not plead guilty to the counts charging violations of 18 U.S.C. § 1591, but rather pleaded guilty to transporting a minor in interstate commerce with the intent that the minor engage in prostitution in violation of 18 U.S.C. § 2423(a).

## II. Ineffective Assistance of Appellate Counsel Claims

Examining his pro se filings liberally, Smith also argues that his appellate counsel provided ineffective assistance of counsel for failing to contest the Court's application of U.S.S.G. § 4B1.5(b) and for failing to raise the Court's error in not stating the rationale for imposing the discretionary conditions of his supervised release under *United States v. Thomspon,* 777 F.3d 368 (7th Cir. 2015). As with ineffective assistance of trial counsel claims, courts apply the two-prong test set forth in *Strickland* to evaluate the effectiveness of appellate counsel. *See Makiel v. Butler,* 782 F.3d 882, 897 (7th Cir. 2015). Under the *Strickland* performance prong, an appellate counsel's performance is constitutionally deficient if counsel fails to appeal an issue that is obviously and clearly stronger than the claims counsel did raise on appeal. *See id.* at 898; *Blake*, 723 F.3d at 888. In this context, appellate counsel need not raise every non-frivolous claim, but should select among claims to maximize the likelihood of success on appeal. *See Smith v. Robbins,* 528 U.S. 259, 288, 120 S.Ct. 746, 145 L.Ed.2d 756 (2000); *Makiel,* 782 F.3d at 897. To establish the *Strickland* prejudice prong, Smith must show that there is a reasonable probability that the issues appellate counsel did not raise would have changed the outcome of his appeal. *See Johnson v. Thurmer,* 624 F.3d 786, 793 (7th Cir. 2010).

Turning to Smith's first argument, namely, that appellate counsel was constitutionally ineffective for failing to contest the Court's application of U.S.S.G. § 4B1.5(b), appellate counsel did raise the Court's application of U.S.S.G. § 4B1.5(b) in his *Anders* brief. (R. 16 C 4419, R. 16-1, Ex. B, *Anders* Brief, at 15-17, 20, 26.) Moreover, Smith argued that the Court's application of U.S.S.G. § 4B1.5(b) was in error in his Federal Rule of Appellate Procedure 51(b) brief to the Seventh Circuit. (Ex. D, Rule 51(b) Brief, at 3.) In addition, the Seventh Circuit

9

considered these arguments and rejected Smith's arguments. (Ex. E, 6/02/16 Order, at 3.) Under the circumstances, Smith's argument is without a factual basis and is meritless.

Next, the Court turns to Smith's argument that his appellate counsel provided ineffective assistance for failing to raise the Court's alleged error in not stating the rationale for imposing the discretionary conditions of his supervised release under *United States v. Thomspon,* 777 F.3d 368 (7th Cir. 2015). The Court notes that in his *Anders* brief, counsel posited that Smith was "unconcerned with the terms of the special conditions of supervised release that were imposed on him in this case." (Ex. B, *Anders* Brief, at 33.) In his Rule 51(b) brief, Smith does not mention the conditions of his supervised release, although now he avers that "I never told my attorney that I was not interested in challenging my supervised release conditions." (R. 18, 12/19/16, Smith Aff. ¶ 2.) In any event, Smith cannot establish that he was prejudiced by appellate counsel's failure to assert this claim because Smith may bring a motion to modify the conditions of his supervised release pursuant to 18 U.S.C. § 3583(e) one or two years before his release from prison as discussed in detail below under Section III.

Turning back to Smith's ineffective assistance of appellate counsel claims, he has failed in his burden of establishing that the claims counsel did not bring are clearly stronger than the claims his counsel did raise on appeal. *See Makiel,* 745 F.3d at 898; *see also Jones v. Barnes,* 463 U.S. 745, 751-52, 103 S.Ct. 3308, 77 L.Ed.2d 987 (1983) ("[e]xperienced advocates since time beyond memory have emphasized the importance of winnowing out weaker arguments on appeal and focusing on one central issue if possible, or at most on a few key issues."). As such,

the Court denies Smith's ineffective assistance of appellate counsel claims.[2]

### III. Conditions of Supervised Release

In its response brief, the government recognizes that Smith may seek modification of certain conditions of his supervised release pursuant to the Seventh Circuit's 2015 decision in *Thompson*. That being said, the Seventh Circuit recently addressed this issue in the context of an inmate with a lengthy prison sentence concluding that the best practice is to wait until a year or so before his release from prison to file a motion under 18 U.S.C. § 3583 to modify the conditions of supervised release. *See United States v. James,* ___ Fed. Appx ___, 2017 WL 213191 (7th Cir. Jan. 18, 2017). In *James*, the Seventh Circuit reasoned that "[b]y waiting until his release date approaches, [defendant] can take full advantage of the then-current case law regarding conditions of supervised release," keeping in mind that "under § 3583 he may ask the district court to examine only his conditions of release; he may not receive a full resentencing," because the Seventh Circuit had already affirmed his conviction and sentence. *See id.*; *see also United States v. Gregory Hayes,* ___ Fed. Appx. ___, 2016 WL 7436141, at *1 (7th Cir. Dec. 22, 2016) ("Governing law and circumstances sometimes change during incarceration, so judges may require prisoners to make challenges all at once 'in the year or so before release.'"); *United States v. Siegel,* 753 F.3d 705, 717 (7th Cir. 2014) (noting that best practice is to consider modifications on the eve of release from prison); *see, e.g., United States v. Williams,* 840 F.3d 865 (7th Cir. 2016) (per curiam) (supervised release modification request made fourteen years before release was premature). Similarly, although the Court denies Smith's § 2255 claim that

---

[2] Because the motion, files, and records of this case conclusively show that Smith is not entitled to any relief under § 2255, the Court need not hold an evidentiary hearing. *See Mitchell v. United States,* 846 F.3d 937, 941 (7th Cir. 2017); 28 U.S.C. § 2255(b).

11

appellate counsel was constitutionally ineffective for failing to raise his claims based on *Thompson*, Smith may file a motion to modify the conditions of his supervised release pursuant to 18 U.S.C. § 3583 one or two years before release from prison.

IV.     **Certificate of Appealability**

Under 28 U.S.C. § 2253(c)(2), a petitioner does not have the absolute right to appeal a district court's denial of his § 2255 motion, instead, he must first request a certificate of appealability. *See Miller-El v. Cockrell,* 537 U.S. 322, 335, 123 S.Ct. 1029, 154 L.Ed.2d 931 (2003). A petitioner is entitled to a certificate of appealability only if he can make a substantial showing of the denial of a constitutional right. *See id.* at 336; *Flores-Ramirez v. Foster,* 811 F.3d 861, 865 (7th Cir. 2016). Under this standard, Smith must demonstrate that "reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Miller-El,* 537 U.S. at 336 (quoting *Slack v. McDaniel,* 529 U.S. 473, 484, 120 S.Ct. 1595, 146 L.Ed.2d 542 (2000)).

As discussed, Smith's ineffective assistance of trial and appellate counsel claims have no factual basis or are without merit, and thus Smith has not demonstrated that reasonable jurists would disagree as to the Court's conclusions regarding these claims. Accordingly, the Court declines to certify any issues for appeal pursuant to 28 U.S.C. § 2253(c)(2).

## CONCLUSION

The Court denies Petitioner's motions to vacate, set aside, or correct his sentence under 28 U.S.C. § 2255 and declines to certify any issues for appeal pursuant to 28 U.S.C. § 2253(c)(2).  **Dated:**  March 21, 2017

**ENTERED**

_____
**AMY J. ST. EVE**
**United States District Court Judge**